UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

4 DAKOTA VENTURES, LLC,
    Plaintiff,

vs.                                    Case No.:   3:15cv51/MCR/EMT

SEGER COMMERCIAL
PROPERTIES, LLC, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

This cause is before the court on Plaintiff's Amended Motion to Commence Proceedings Supplementary to Execution and to Implead Third Parties (ECF No. 94), which was referred to the undersigned for resolution and the preparation of a Report and Recommendation on the disposition of the matter (*see* ECF No. 92).

Plaintiff 4 Dakota Ventures, LLC, seeks entry of an order commencing proceedings supplementary to execution and impleading two individuals, Bridgette Carnley and Richard H. Powell,[1] and five limited liability companies, Trifecta Consulting, LLC; Crabisland.com, LLC; ALS Assets, LLC; L.C.S. General Holdings, LLC; and Prime'd in Destin, LLC (ECF No. 94). Plaintiff states it

---

[1] Plaintiff 4 Dakota refers to Mr. Powell as *Robert* H. Powell once in the motion (ECF No. 94 at 2) but at all other times refers to him as *Richard* H. Powell (*id*. at 2 , 4, 7, 8, 11, 12). It thus appears the single reference to "Robert" was a scrivener's error.

obtained a judgment in the instant case against various Defendants, including Defendant Christopher Sehman, jointly and severally, in the amount of $300,000, and that the judgment remains unsatisfied (along with accrued costs and interest) (*id.*).  The relief Plaintiff seeks is primarily related to Defendant Sehman and the improper actions he or his companies have allegedly taken in an effort to avoid the effect of this court's judgment and place assets beyond the reach of creditors, including Plaintiff (*id.*).  In addition to impleader, Plaintiff requests that this court "assign Sehman's rights and interests in" a lawsuit, Case No. 2018 CA 2080 F, pending in the Circuit Court in and for Okaloosa County, Florida, in which Christopher Sehman is the plaintiff (*id.* at 10).

Proceedings Supplementary

Proceedings supplementary are a procedural mechanism that provides a judgment creditor with means to investigate assets of a judgment debtor that might be used to satisfy a judgment.  *See, e.g., Office Bldg., LLC v. Castlerock Security, Inc.*, No. 10-61582-Civ, 2011 WL 1674963, at *2 (S.D. Fla. May 31, 2011).  They "are not independent causes of action but are post-judgment proceedings that permit a judgment creditor to effectuate a judgment lien that already exists." *ABM Fin. Servs., Inc. v. Express Consolidation, Inc.*, No. 07-60294, 2011 WL 915669, at *1

(S.D. Fla. Mar. 16, 2011). Proceedings supplementary "must accord with the procedure of the state in which the court is located." Fed. R. Civ. P. 69(a)(1); *see also Gen. Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1496 n.22 (11th Cir. 1997) (under Rule 69, "state law concerning supplementary proceedings to enforce a judgment will govern to the extent that it is not preempted by federal law"). Section 56.29 of the Florida Statutes governs such proceedings in this state.

Under § 56.29, a judgment creditor may implead a third party to discover a judgment debtor's assets. *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, No. 09-61436-CIV, 2012 WL 1367574, at *1 (S.D. Fla. Apr. 19, 2012). A judgment creditor need not, however, "make a prima facie showing that the third party holds assets subject to a judgment prior to impleading that party." *Id.*, 2012 WL 1367574, at *2. Impleading third parties is necessary for this court to afford them due process and acquire jurisdiction over them. *Mission Bay Campland, Inc. v. Sumner Fin. Corp.*, 71 F.R.D. 432, 434 (M.D. Fla. 1976) (*citing Richard v. McNair*, 164 So. 836, 840 (Fla. 1935); *Ryan's Furn. Exch. v. McNair*, 162 So. 483, 487 (Fla. 1935)). Impleading third parties does not imply liability on their part; instead, it provides them with an opportunity to raise defenses and protect their interests consistent with the requirements of due process. *ABM Fin. Servs.*, 2011 WL 915669, at *2.

The procedural mechanism set forth in § 56.29 is as follows:

>     (1)    When any judgment creditor holds an unsatisfied judgment or judgment lien obtained under chapter 55, the judgment creditor may file a motion and an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest, and stating that the execution is valid and outstanding, and thereupon the judgment creditor is entitled to these proceedings supplementary to execution.
>
>     (2)    The judgment creditor shall, in the motion described in subsection (1) or in a supplemental affidavit, describe any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment . . . .

Fla. Stat. § 56.29(1), (2).

Hence, pursuant to § 56.29, a jurisdictional prerequisite to initiating proceedings supplementary is an affidavit stating that the writ of execution is valid and unsatisfied. *Tara Prods.*, 2012 WL 1367574, at *2; *Kovacs v. Nat'l Hebrew Glatt, Inc.*, No. 05-23125-CIV, 2008 WL 3851465, at *5 (S.D. Fla. Aug. 14, 2008); *Regent Bank v. Woodcox,* 636 So. 2d 885, 886 (Fla. 4th DCA 1994) (holding affidavit averring writ is valid and unsatisfied meets jurisdictional prerequisite); *Bleidt v. Lobato*, 664 So. 2d 1074, 1074 (Fla. 5th DCA 1995) (en banc) (holding returned unsatisfied writ of execution is not jurisdictional prerequisite).

Here, Plaintiff attached six exhibits to its motion: (1) portions of a transcript of Defendant Christopher Sehman's deposition, taken on April 18, 2019 (ECF Nos. 94-1 to 94-4) (to support its contention that Sehman transferred assets to various parties Plaintiff wishes to implead); (2) a "Balance Sheet Detail" and "Transaction Report" for "Prime'd at the Palms," which show differing amounts of income, expenses, and deposits between approximately January and May of 2019 (ECF Nos. 94-5; 94 at 9) (in support of Plaintiff's request to implead Prime'd in Destin, LLC, because Plaintiff believes Prime'd at the Palms and Prime'd in Destin, LLC, are one and the same); and an affidavit of Brenda M. Will, the manager of Plaintiff 4 Dakota Ventures, LLC, in which Ms. Will states the $300,000 judgment entered against Defendants in this case remains unsatisfied and that "execution is valid and outstanding" (ECF No. 94-6).

Discussion

1. Impleading Third Parties

Considering the affidavit of Ms. Will and the existence of an unsatisfied writ of execution, the court finds Plaintiff has satisfied the jurisdictional prerequisites for impleading the identified supplemental Defendants. *Gen. Trading Inc.*, 119 F.3d at 1496 n.22 ("Under decisional law interpreting section 56.29, the two jurisdictional

prerequisites for supplementary proceedings are (1) an unsatisfied writ of execution, and (2) an affidavit averring that the writ is valid and unsatisfied along with a list of persons to be impleaded.") (internal quotation marks and citations omitted); *see also, e.g.*, *B & I Contractors, Inc. v. Mel Re Const. Mgmt.*, 66 So. 3d 1035, 1037 (Fla. 2d DCA 2011) (finding appellant entitled to proceedings supplementary "in light of the facial sufficiency of its pleadings [i.e., a motion for proceedings supplementary under § 56.29] and affidavit"); *Grovenor House, L.L.C. v. E.I. Du Pont De Nemours & Co.*, No. 09-21698-CIV, 2012 WL 12950042, at *2–3 (S.D. Fla. July 12, 2012) (granting motion for proceedings supplementary and to implead third parties where "the judgment creditor [] has established by an affidavit from its counsel . . . that '[a] total of $650,108.47 remains unsatisfied and outstanding' on a valid outstanding Writ of Execution" and noting "[n]othing further is required to institute proceedings supplementary and to implead third parties") (citations omitted).

The undersigned thus recommends that Plaintiff be permitted to commence supplementary proceedings and implead the two individuals and five entities identified in its motion.[2]

---

[2] As set forth below, the undersigned recommends that Plaintiff be required to commence these proceedings by filing a Supplemental (Interpleader) Complaint and serving it, along with other papers, on the impleaded Defendants to afford them due process and acquire jurisdiction over them. The undersigned recommends this method in part because Plaintiff served its motion on

Case No.: 3:15cv51/MCR/EMT

2. Assigning Rights in the State Lawsuit

Plaintiff also seeks an order from this court assigning Defendant Christopher Sehman's rights and interests in a state lawsuit to Plaintiff. Plaintiff did not submit a memorandum in support of this request or include points and authorities in its motion showing it is entitled to this relief. Plaintiff states only the following:

> Sehman is also [individually] a Plaintiff in Case No. 2018 CA 2080 F, currently pending in the Circuit Court In and For Okaloosa County [the "Sehman Lawsuit"]. Sehman has filed this lawsuit in an attempt to recover damages he alleges he personally suffered.
>
> \* \* \*
>
> The Sehman Lawsuit is an asset in the hands of the judgment debtor, Sehman, subject to levy to satisfy Plaintiff's Judgment. Further, a chose in action is property within the meaning of Fla. Stat. § 56.29.

---

only one of the seven Defendants it seeks to implead, and neither that Defendant (Richard H. Powell) nor any other Defendant has appeared through counsel or otherwise responded. The court also considered that Plaintiff did not request a particular method and that similar methods have been used by other federal district courts in Florida. *See, e.g., Kearney Constr. Co. LLC v. Travelers Cas. & Sur. Co. of Am.*, No. 8:09-CV-1850-T-30CPT, 2019 WL 6910154, at *3 (M.D. Fla. Dec. 19, 2019); *Zurich Servs. Corp. v. Prof'l Mgmt. Servs. Grp., Inc.*, No. 8:13-CV-1896-T-30EAJ, 2015 WL 2084733, at *1 (M.D. Fla. Apr. 30, 2015); *see also Gaggio v. Lake Austin Prop. I, Ltd.*, No. 6:10-CV-1942-ORL-22, 2011 WL 6987077, at *2 (M.D. Fla. Dec. 21, 2011), *report and recommendation adopted*, No. 6:10-CV-1942-ORL-22, 2012 WL 84812 (M.D. Fla. Jan. 11, 2012) (noting the law is not clear regarding the method by which an impleaded defendant should be given notice of a plaintiff's claims and explaining that some courts require the filing of an Interpleader Complaint, while other courts require that the court's order impleading the defendants be formally served, and still other courts proceed by issuing orders to show cause to the impleaded defendants, but in the latter group of cases, typically the defendant has already appeared through counsel) (citations omitted).

>       Plaintiff has a lien upon the Sehman Lawsuit pursuant to the outstanding Execution.
>
>       Plaintiff requests the Court assign Sehman's rights and interest[s] in the Sehman Lawsuit to Plaintiff.

(ECF No. 94 at 6, 10) (paragraph numbers omitted).

Plaintiff thus failed to comply with N.D. Fla. Loc. R. 7.1(E) ("A party who files a written motion must file a supporting memorandum in the same document with, or at the same time as, the motion."). Correspondingly, Plaintiff has not established entitlement to the relief it seeks. For this reason, the undersigned recommends that Plaintiff's request for assignment of rights and interests in the Okaloosa County lawsuit be denied without prejudice to Plaintiff filing a motion that addresses this limited issue only (*see* N.D. Fla. Loc. R. 7.1(H) ("The Court may deny a moving party's motion if the party does not file a memorandum as required by this rule.")).[3] Proceeding in this manner will allow impleading of Third Parties to commence without further delay.

---

[3] Plaintiff, of course, is not *required* to file a motion seeking assignment of rights in the Sehman lawsuit, but if Plaintiff elects to do so, it must include a memorandum in support and persuade this court it is entitled to the relief it seeks. Plaintiff should be aware that the court has numerous concerns about the propriety of Plaintiff's request and the means by which this court could grant it (including whether the lawsuit—which appears to involve disputed, contingent, and unliquidated damages—can be reached by levy of execution, as Plaintiff suggests (*see* ECF No. 94 at 10 ("The Sehman Lawsuit is an asset in the hands of the judgment debtor, Sehman, subject to levy to satisfy Plaintiff's Judgment."))). Plaintiff must also provide more information regarding its allegation

Accordingly, it is respectfully **RECOMMENDED** that:

Plaintiff's Motion to Commence Proceedings Supplementary to Execution and to Implead Third Parties (ECF No. 94) be **GRANTED in part** and **DENIED in part**, as follows:

1. The motion be **GRANTED to the extent** Plaintiff seeks to commence proceedings supplementary to execution and implead Third Parties, as follows:

    a. Third Parties Bridgette Carnley; Richard H. Powell; Trifecta Consulting, LLC; Crabisland.com, LLC; ALS Assets, LLC; L.C.S. General Holdings, LLC; and Prime'd in Destin, LLC, are impleaded as Defendants in this action for the purpose of supplementary, post-judgment proceedings in aid of execution.

---

that it "has a lien upon the Sehman lawsuit pursuant to the outstanding Execution" (ECF No. 94 at 10). At a minimum, Plaintiff must identify the manner in which—and the authority by which (e.g., state statute, procedural rule)—it obtained the lien; explain whether the relief it seeks from this court is the *only* avenue by which it might obtain rights and interests in the Sehman lawsuit and, if not, describe any other avenue available to it; and definitively state whether it has pursued or is pursuing any other avenue to obtain rights and interests in the lawsuit (in other words, this court seeks to determine whether Plaintiff has undertaken, or is able to undertake, efforts to obtain rights and interests by some other means or in some forum other than this district court). Last, Plaintiff should state whether another person or entity may lay claim to, or otherwise have rights to, some or all of the same rights and interests in Sehman's state lawsuit, such as Sehman's attorney in that case and, if so, how that might impact the relief Plaintiff seeks from this court.

Case No.: 3:15cv51/MCR/EMT

b. Plaintiff 4 Dakota Ventures, LLC, will have **fourteen days** from the date an order adopting this Report and Recommendation is entered in which to file a Supplemental (Interpleader) Complaint.

c. Plaintiff 4 Dakota Ventures, LLC, must serve on Bridgette Carnley; Richard H. Powell; Trifecta Consulting, LLC; Crabisland.com, LLC; ALS Assets, LLC; L.C.S. General Holdings, LLC; and Prime'd in Destin, LLC—by formal service of process and in accordance with Fed. R. Civ. P. 4—a copy of Plaintiff's Amended Motion to Commence Proceedings Supplementary to Execution and to Implead Third Parties (ECF No. 94), a copy of this Report and Recommendation, a copy of the District Court's Order adopting the Report and Recommendation, and the Supplemental (Interpleader) Complaint.

d. Plaintiff 4 Dakota Ventures, LLC, must file proof of such service on each Defendant within **seven days** of effecting service on that Defendant.

e. All properly served, impleaded Defendants must respond to the Supplemental (Interpleader) Complaint within **sixty days** of the date of service.

2. The motion be **DENIED without prejudice** to the extent Plaintiff requests that this court assign to it rights and interests in Case No. 2018 CA 2080 F, a lawsuit pending in Okaloosa County, Florida. Any renewed motion seeking this

relief must include a memorandum in support and must address the court's concerns set forth in the Report and Recommendation. Failure to do so will result in summary denial of the motion.

**DONE AND ORDERED** this 20th day of July 2020.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.:  3:15cv51/MCR/EMT